# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS
### EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| LAVIN, KEVIN C. | § | Case No. 09-10624 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/27/2009 . The undersigned trustee was appointed on 01/30/2017 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 385,000.00 |

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 154,050.96 |
| Bank service fees | 608.72 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 15,000.00 |
| Other payments to the debtor | 0.00 |

| | | |
|---|---|---|
| Leaving a balance on hand of[1] | $ | 215,340.32 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.   Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.   The deadline for filing non-governmental claims in this case was  05/17/2017  and the deadline for filing governmental claims was  05/17/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.   The Trustee's proposed distribution is attached as **Exhibit D**.

8.   Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 12,136.01 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 12,136.01 , for a total compensation of $ 12,136.01 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:  08/02/2017                        By: /s/Frances Gecker
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**Page:** 1

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| | | |
|---|---|---|
| Case No: | 09-10624 | PSH |
| Case Name: | LAVIN, KEVIN C. | |
| For Period Ending: | 08/02/2017 | |

| | |
|---|---|
| Judge: | Pamela S. Hollis |

| | |
|---|---|
| Trustee Name: | Frances Gecker |
| Date Filed (f) or Converted (c): | 03/27/2009 (f) |
| 341(a) Meeting Date: | 05/08/2009 |
| Claims Bar Date: | 05/17/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CHECKING ACCOUNT - TCF BANK<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 10.00 | 10.00 | | 0.00 | FA |
| 2. HOUSEHOLD GOODS<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 650.00 | 0.00 | | 0.00 | FA |
| 3. WEARING APPAREL<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 300.00 | 0.00 | | 0.00 | FA |
| 4. LIFE INSURANCE THROUGH FORMER EMPLOYER<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 0.00 | 0.00 | | 0.00 | FA |
| 5. 401K<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 47,663.65 | 0.00 | | 0.00 | FA |
| 6. 2008 TAX REFUND (ESTIMATED)<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 2,900.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | |
|---|---|---|
| Case No: | 09-10624 | PSH |
| Case Name: | LAVIN, KEVIN C. | |
| For Period Ending: | 08/02/2017 | |

| | |
|---|---|
| Judge: | Pamela S. Hollis |

| | |
|---|---|
| Trustee Name: | Frances Gecker |
| Date Filed (f) or Converted (c): | 03/27/2009 (f) |
| 341(a) Meeting Date: | 05/08/2009 |
| Claims Bar Date: | 05/17/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 7.  2003 OLDSMOBILE ALERO<br><br>A no asset report was filed on 5/11/09.  This case was reopened on 1/26/17.  Frances Gecker was not the original appointed Trustee.  All assets were fully administered prior to Frances Gecker's appointment. | 3,405.00 | 0.00 | | 0.00 | FA |
| 8.  LITIGATION (u) | 0.00 | 385,000.00 | | 385,000.00 | FA |

Gross Value of Remaining Assets

| | | | | |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $54,928.65 | $385,010.00 | $385,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THIS CASE WAS REOPENED ON 1/26/17 BY THE UST TO ADMINISTER A SETTLEMENT.

Initial Projected Date of Final Report (TFR): 07/15/2017       Current Projected Date of Final Report (TFR): 07/15/2017

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 09-10624
Case Name: LAVIN, KEVIN C.

Taxpayer ID No: XX-XXX8662
For Period Ending: 08/02/2017

Trustee Name: Frances Gecker
Bank Name: Associated Bank
Account Number/CD#: XXXXXX2168
Checking
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/20/17 | 8 | ARCHDIOCESE OF CHICAGO PROTECTED SELF-INSURANCE PROG | Settlement of Litigation | 1249-000 | $385,000.00 | | $385,000.00 |
| 04/25/17 | 5001 | KEVIN LAVIN 7041 Coachwood Trail Tinley Park, IL  60477 | DEBTOR'S EXEMPTION | 8100-002 | | $15,000.00 | $370,000.00 |
| 05/05/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $184.59 | $369,815.41 |
| 05/08/17 | 5002 | Marc J. Pearlman and Jeff Anderson Kerns Frost & Pearlman LLC Anderson & Associates, PA | Order dated 3/16/17 - Special Counsel fees and expenses | | | $154,050.96 | $215,764.45 |
| | | Marc J. Pearlman and Jeff Anderson | ($154,000.00) | 3210-000 | | | |
| | | Marc J. Pearlman and Jeff Anderson | ($50.96) | 3220-000 | | | |
| 06/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $424.13 | $215,340.32 |

|  | | | |
|---|---|---|---|
| COLUMN TOTALS | | $385,000.00 | $169,659.68 |
| Less: Bank Transfers/CD's | | $0.00 | $0.00 |
| Subtotal | | $385,000.00 | $169,659.68 |
| Less: Payments to Debtors | | $0.00 | $15,000.00 |
| Net | | $385,000.00 | $154,659.68 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                    Page Subtotals:                    $385,000.00        $169,659.68

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2168 - Checking | $385,000.00 | $154,659.68 | $215,340.32 |
| | $385,000.00 | $154,659.68 | $215,340.32 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $385,000.00 |
| Total Gross Receipts: | $385,000.00 |

# EXHIBIT C

## Claims Distribution Register

### Case: 09-10624-PSH LAVIN, KEVIN C.

| Claim # | Date | Pri | Claimant Proof/<Category>/Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Ch. 7 Admin Claims** |
| | | 100 | Frances Gecker FRANKGECKER LLP 325 N. LaSalle Street, Suite 625 Chicago, IL  60654 <2100-00 Trustee Compensation> | 12,136.01 | 12,136.01 | 0.00 | 12,136.01 | 12,136.01 |
| | | 100 | Marc J. Pearlman and Jeff Anderson Kerns Frost & Pearlman LLC Anderson & Associates, PA <3210-00 Attorney for Trustee Fees (Other Firm)> | 154,000.00 | 154,000.00 | 154,000.00 | 0.00 | 0.00 |
| | | 100 | Marc J. Pearlman and Jeff Anderson Kerns Frost & Pearlman LLC Anderson & Associates, PA <3220-00 Attorney for Trustee Expenses (Other Firm)> | 50.96 | 50.96 | 50.96 | 0.00 | 0.00 |
| | | 100 | FrankGecker LLP 325 N. LaSalle Street Suite 625 Chicago, Illinois  60654 <3110-00 Attorney for Trustee Fees (Trustee Firm)> | 10,812.50 | 10,812.50 | 0.00 | 10,812.50 | 10,812.50 |
| | | 100 | FrankGecker LLP 325 N. LaSalle Street Suite 625 Chicago, Illinois  60654 <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | 112.06 | 112.06 | 0.00 | 112.06 | 112.06 |
| | **Total for Priority 100  100.00 % Paid** | | | **177,111.53** | **177,111.53** | **154,050.96** | **23,060.57** | **23,060.57** |
| | **Total for Ch. 7 Admin Claims:** | | | **177,111.53** | **177,111.53** | **154,050.96** | **23,060.57** | **23,060.57** |
| **Secured Claims** |
| | | 99 | KEVIN LAVIN <8100-00 Exemptions> | 15,000.00 | 15,000.00 | 15,000.00 | 0.00 | 0.00 |
| | **Total for Priority 99  100.00 % Paid** | | | **15,000.00** | **15,000.00** | **15,000.00** | **0.00** | **0.00** |
| | | 999 | LAVIN, KEVIN C. 7041 Coachwood Trail Tinley Park, IL  60477 <8200-00 Surplus Funds Paid to Debtor 726 (a)(6) (includes Payments to shareholders and limited partners)> | 192,279.75 | 192,279.75 | 0.00 | 192,279.75 | 192,279.75 |
| | **Total for Priority 999  100.00 % Paid** | | | **192,279.75** | **192,279.75** | **0.00** | **192,279.75** | **192,279.75** |
| | **Total for Secured Claims:** | | | **207,279.75** | **207,279.75** | **15,000.00** | **192,279.75** | **192,279.75** |
| | **Total for Case:** | | | **384,391.28** | **384,391.28** | **169,050.96** | **215,340.32** | **215,340.32** |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-10624
Case Name: LAVIN, KEVIN C.
Trustee Name: Frances Gecker

Balance on hand                                  $            215,340.32

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ 12,136.01 | $ 0.00 | $ 12,136.01 |
| Attorney for Trustee Fees: FrankGecker LLP | $ 10,812.50 | $ 0.00 | $ 10,812.50 |
| Attorney for Trustee Expenses: FrankGecker LLP | $ 112.06 | $ 0.00 | $ 112.06 |
| Other: Marc J. Pearlman and Jeff Anderson | $ 154,000.00 | $ 154,000.00 | $ 0.00 |
| Other: Marc J. Pearlman and Jeff Anderson | $ 50.96 | $ 50.96 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses          $            23,060.57

Remaining Balance                                               $            192,279.75

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  0.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

The amount of surplus returned to the debtor after payment of all claims and interest is
$ 192,279.75 .