## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-10624 |
| | ) | |
| KEVIN C. LAVIN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Date:**   **September 28, 2017** |
| | ) | **Time:**   **10:30 a.m.** |
| | ) | **Room:**   **644** |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
## FRANKGECKER LLP, COUNSEL TO FRANCES GECKER,
## CHAPTER 7 TRUSTEE OF THE ESTATE OF KEVIN C. LAVIN

Name of Applicant: FrankGecker LLP

Authorized to Provide
Professional Services to: Frances Gecker, solely as Chapter 7 Trustee of
Kevin C. Lavin

Date of Retention: March 16, 2017 retroactive to January 30, 2017

Period for Which
Compensation is Sought: January 30, 2017 through August 4, 2017

Amount of Fees Sought: $     $10,812.50

Amount of Expense
Reimbursement Sought: $     $112.06

This is a: First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-10624 |
| | ) | |
| KEVIN C. LAVIN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Date:** **September 28, 2017** |
| | ) | **Time:** **10:30 a.m.** |
| | ) | **Room:** **644** |

### NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **September 28, 2017**, at **10:30 a.m.**, we shall appear before the Honorable Pamela S. Hollis, or such other judge as may be sitting in her stead, in Courtroom 644 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF KEVIN C. LAVIN**, a copy of which is attached hereto and hereby served upon you.

Dated:  August 29, 2017

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of KEVIN C. LAVIN,

By:___/s/   *Micah R. Krohn*_____
    One of Her Attorneys

Micah R. Krohn (ARDC No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:     (312) 276-0035
mkrohn@fgllp.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KEVIN C. LAVIN, | ) | No. 09-10624 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE
OF THE BANKRUPTCY ESTATE OF KEVIN C. LAVIN**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Kevin C. Lavin (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing January 30, 2017 through and including August 4, 2017 (the "Application Period"). In support hereof, FG respectfully represents as follows:

**INTRODUCTION**

1.      On March 27, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Case"). Frances Gecker was appointed trustee of the Case. The Debtor appeared at his Section 341 meeting on May 8, 2009. The Trustee filed a No Asset Report on May 11, 2009 and the case was closed on July 13, 2009.

2.      On January 17, 2017, the Office of the United States Trustee filed a motion to reopen the Case to allow the administration of a newly discovered asset of the estate [Dkt. No. 17]. On January 27, 2017, this Court entered an order reopening the Case [Dkt. No. 18]. On January 30, 2017 Frances Gecker was re-appointed as Chapter 7 Trustee [Dkt. No. 19].

3.      On March 16, 2017, the Court entered an order authorizing the Trustee to employ the firm of FrankGecker LLP ("FG") as her attorneys retroactive to January 30, 2017 [Dkt. No. 29].

4.      The Trustee's attorney contacted personal injury attorney Marc Pearlman, and learned that, pursuant to a Fee Agreement dated August 20, 2014 (the "Contingency Agreement"), Mr. Pearlman, the law firm of Kerns Frost & Pearlman, LLC (collectively, "KFP") and their co-counsel, Jeff Anderson & Associates, P.A. (collectively, "Anderson"), had successfully represented the Debtor in pursuing personal injury claims against the Chicago Archdiocese (the "Claims").

5.      On March 16, 2017, this Court entered an order approving the Trustee's retention of KFP and Anderson as special counsel in connection with the Claims.

6.      In consultation with Special Counsel, the Trustee elected to settle the Claims in exchange for payment in the amount of $385,000 (the "Settlement"). On February 27, 2017, this this Court entered an order approving the Settlement. The Settlement has generated sufficient funds to allow a 100% distribution to creditors and created a surplus estate for the benefit of the Debtor.

## I.      SERVICES PERFORMED

### A.      Administration                                                    $1,535.00

Counsel spent **6.10** hours at a cost of **$1,535.00** on general case administration matters. This category encompasses all general case administration matters, including investigation of tax obligations of the estate and tasks involved in closing the estate and the filing of a supplemental bar date notice.

2

**B.    Court Appearances**                                          **$1,035.00**

Counsel spent **2.30** hours at a cost of **$1,035.00** preparing for and attending court hearings

on motions to retain Trustee's counsel, Trustee's PI Counsel and motion to approve settlement

with the Chicago Archdiocese. FG requests allowance of 1.00 of additional time for review of the

Trustee's Final Report and attendance at the hearing on the Trustee's Final Report and applications

for compensation.

**C.    Personal Injury Claim**                                     **$5,020.00**

Counsel spent **12.10** hours at a cost of **$5,020.00** in connection with settlement of the

Claims against the Chicago Archdiocese. FG conferred with the Trustee's Special Counsel

regarding aspects of the case including the merits and the negotiation of the Settlement of the

Claims. On March 30, 2017, this Court entered an order approving the Settlement [Dkt. No. 30].

**D.    Retention and Payment of Professionals**                    **$3,222.50**

Counsel spent **10.60** hours at a cost of **$3,087.50** preparing and filing motions to employ

FG as the Trustee's counsel and the Trustee's Special Counsel. FG communicated with PI Counsel

regarding the terms of its retention and the necessity of retaining additional litigation counsel.

Additionally, FG reviewed fee statements and prepared its final fee application.

## II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A.    <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the

Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn

served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees,

creditors' committees, debtors and creditors for nearly 25 years.

B.    <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. A

graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in

bankruptcy matters in debtor, creditor and trustee cases.

3

C.      <u>Christina Smith</u> (CSS) is a paralegal at FG.  Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

## III.    CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case.  It covers the period from January 30, 2017 through and including August 4, 2017.  All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate.  No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

9.      As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of **31.10** hours providing necessary legal services for the Trustee. FG requests compensation in the amount of **$10,812.50** for actual, necessary legal services performed, as itemized in Exhibit A.  The blended hourly rate is $347.67.  Additionally, counsel has expended the sum of **$112.06** for actual, necessary expenses incurred in representing the Trustee, as itemized on page 7 of **Exhibit A**.

10.     In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re*

4

*Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71

B.R. 488 (Bankr. S.D. Ohio 1987).

11.    FG does not bill its clients or seek compensation in this fee application for its

overhead expenses, including word processing or photocopying; instead, such expenses are

factored into counsel's normal and customary rate. FG does not include charges for long distance

telephone, photocopying or computer research in its overhead because it has determined that it is

fairer to its smaller clients who use proportionately less of these services to have these expenses

billed separately. These charges fairly compensate the firm's actual costs and do not result in undue

revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these

types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

12.    No compensation has been promised to counsel other than as disclosed or approved

by this Court. FG certifies that there is no agreement between it and any other party regarding the

sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated

the amount of its fees with any party except its client. Finally, counsel represents that it is and

remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.    Allowing FrankGecker LLP final compensation for legal services provided to the

Trustee in the amount of **$10,812.50**;

B.    Allowing FrankGecker LLP final reimbursement of expenses incurred in the

amount of **$112.06**;

C.    Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount

of **$10,924.56**; and

      D.      Granting such other relief as the Court deems just and equitable.

Dated: August 29, 2017               Respectfully submitted,

                                      FRANKGECKER, LLP

                                    By:____/s/ _Micah R. Krohn_____

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035
mkrohn@fgllp.com